CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 30, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PHILLIP CROSSLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00397 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALLEGHANY REGIONAL JAIL, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

---

Plaintiff Phillip Crossland, a Virginia pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant Alleghany Regional Jail.[1] (*See* Compl. [ECF No. 1]; Am. Compl. [ECF No. 12].) Plaintiff's amended complaint is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, the court will dismiss this action without prejudice.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court

[1] Plaintiff initiated this action by filing his original complaint. (*See* ECF No. 1.) Upon screening of the complaint pursuant to 28 U.S.C. § 1915A, the court determined that Plaintiff had failed to state a claim upon which relief can be granted and ordered Plaintiff to submit an amended complaint within 30 days. (*See* ECF No. 9.) Plaintiff's amended complaint—which is his operative pleading—was docketed on September 28, 2026. (*See* ECF No. 12.)

therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's amended complaint in his favor, he has, once again, failed to identify a viable defendant, and the court must therefore dismiss this action.

As in his original complaint, Plaintiff has sued only the Alleghany Regional Jail.[2] (*See* ECF No. 12 at 1.) But, as explained in the court's prior Memorandum Opinion (*see* ECF No. 8 at 2–3), Plaintiff's claims against this Defendant fail. The Alleghany Regional Jail, as a local jail facility, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983 and thus "lacks the capacity to be sued as a jail.").

Because Plaintiff has twice failed to identify a viable defendant, he has failed to state a claim. And because Plaintiff has had multiple opportunities to plead actionable claims, the court will dismiss this action without prejudice.[3]

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 30th day of September, 2026.

*<u>/s/ Thomas T. Cullen</u>*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's amended complaint is missing pages five through nine of the amended complaint form for prisoners and it is not signed. (*See* ECF No. 12.)

[3] Also pending before the court is Plaintiff's motion to amend his complaint (ECF No. 10) in which he asks the court to "add improper medical treatment to [his] jail lawsuit," but fails to identify a viable Defendant. (*Id.*) Regardless, because Plaintiff filed an amended complaint after filing the motion to amend and because the court is dismissing this action without prejudice, it will deny Plaintiff's motion to amend as moot.